**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILSON DORSEY JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-9862** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "B"(3)** |

<u>**ORDER AND REASONS**</u>

Before the court are Plaintiff's objections (Rec. Doc. 15) to the Magistrate Judge's Report and Recommendation (Rec. Doc. 14) denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. For the reasons discussed below,

**IT IS ORDERED** that the objections are **OVERRULED** and the Magistrate Judge's Report and Recommendation are **ADOPTED** as the opinion of the Court; Plaintiff's motion for summary judgment is **DENIED;** Defendant's cross-motion for summary judgment is **GRANTED**; and the captioned action is hereby **DISMISSED**. See Rec. Docs. 10, 13.

<u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

On August 11, 2010, Plaintiff Wilson Dorsey, Jr. filed an application for disability insurance benefits (DIB) alleging a disability since August 10, 2010. *See* Rec. Doc. 8-5 at 187-90. On April 13, 2011, Administrative Law Judge (ALJ) Voisin determined that Plaintiff had severe impairments, disorders of the back, and

1

hypertension, which limited him to a residual functional capacity. *See* Rec. Doc. 8-3 at 91, 93. Plaintiff received ongoing medical treatment while he received DIB.

On June 11, 2014, Defendant performed a continuing disability review and found that Plaintiff had experienced medical improvement related to his ability to work. *See id.* at 95-97. Defendant found that Plaintiff was no longer disabled as of June 11, 2014. *See id.* On September 15, 2016, ALJ Henderson denied Plaintiff DIB and upheld defendant's cessation decision. *See* Rec. Doc. 8-2 at 14-24. Plaintiff sought review from the Appeals Council, but the Appeals Council denied Plaintiff's request. *See id.* at 1-6. Plaintiff then filed the instant civil action, in which all parties subsequently filed cross motions for summary judgment. The motions, administrative record, and Magistrate's report and recommendation have been reviewed along with applicable law and regulations.

**LAW AND ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a

reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618.

Under Local Rule 73.2, a case seeking judicial review of the Social Security Administration's decision is to be referred to a magistrate judge to provide a report and recommendation. "A district judge may accept, reject, or modify the recommended disposition of a magistrate judge on a dispositive matter. The district judge must determine de novo any part of the Report and Recommendation that has been properly objected to. The District Court's review is limited to plain error of parts of the report which are not properly objected to." *Hohmann v. SSA*, 2018 U.S. Dist. LEXIS 139426 *1, *8 (E.D. La. Aug. 16, 2018).

A district court, when reviewing a disability claim, is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). If the Court finds substantial evidence to support the decision, then it must uphold the decision. Substantial evidence is that evidence which a "reasonable mind might accept as adequate to support a conclusion." *Carey*, 230 F.3d at 135 (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990)). It is more than a scintilla but may be less than a preponderance. *Id.* The court considers four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) claimant's subjective evidence of pain and disability, and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

While the court must review the whole record to determine if substantial evidence exists, it cannot reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision. The administrative law judge can make any

findings that are supported by substantial evidence. *Brown*, 192 F.3d at 496; *Hohmann*, 2018 U.S. Dist. LEXIS 139426 at *9.

"To be considered disabled, a claimant must show that he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Hohmann*, 2018 U.S. Dist. LEXIS 139426 at *9-10 (internal quotation marks omitted). To determine if an impairment prevents a person from engaging in substantial gainful activity, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. The claimant has the burden of proof under the first four parts of the analysis to show that he or she is disabled. If the claimant is successful, then the burden shifts to the Commissioner at step five to show that the claimant is capable of

performing other gainful employment. *Shave v. Apfel*, 238 F.3d 592, 594 (5th Cir. 2001); *Hohmann*, 2018 U.S. Dist. LEXIS 139426 at *10.

In the instant case, the ALJ found that the plaintiff did not have an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in the appendix to the regulations. Rec. Doc. 8-2 at 16. The ALJ concluded that Plaintiff had lumbar area stenosis. However, the ALJ found that Plaintiff "never had evidence of nerve root compression characterized by neuro-anatomic distribution of pain, severe restriction in range of motion, motor loss with atrophy and associated muscle weakness or sensory or reflex loss." Rec. Doc. 8-2 at 18. Furthermore, the ALJ concluded that Plaintiff maintains the ability to walk without use of an assistive device and his gait/station are not impaired. *Id.* The ALJ found that as of June 11, 2014, the plaintiff was able to perform a significant number of jobs in the national economy, such as janitor, usher, or security guard. *Id.* at 23. Therefore, the ALJ determined that Plaintiff was not disabled from June 11, 2014 through the date of the ALJ's decision. *Id.* at 24.

Plaintiff argues that the ALJ erred in attributing medical notes and statements to a nurse practitioner and not the doctor. In addition, Plaintiff argues that there is no substantial evidence in the record to support a finding that Plaintiff's impairments/conditions improved medically. While the ALJ

harmlessly attributed some of Plaintiff's medical notes to the nurse practitioner instead of Doctor Ellis, ALJ was entitled to consider the medical notes and statements as they were of evidence on the issue of plaintiff's ability to function at that time. "The Fifth Circuit has held that the ALJ is entitled to determine the credibility of medical experts as well as well as lay witnesses and weigh their opinions accordingly." *Ramirez v. Colvin*, 606 F. App'x 775, 779 (5th Cir. 2015). "The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

"It is clear that the ALJ must consider all the record evidence and cannot pick and choose only the evidence that supports his position." *Hohmann*, 2018 U.S. Dist. LEXIS 139426 at *13. In addition to the medical notes, the ALJ considered other evidence in the record. The ALJ found that Plaintiff is no longer actively under the care of a neurosurgeon. Rec. Doc. 8-2 at 19. In addition, the record shows that on March 11, 2014, Plaintiff reported to the state disability examiner that his day was not impaired by his conditions. *Id.* at 20. On June 15, 2015, the claimant reported to Dr. Lesser that he was swimming in his pool which helped his lower extremity pain and back pain. He also reported that he was looking for light work. *Id.* at 21.

The ALJ noted some limitations such as occasional postural restrictions on climbing ramps/stairs, climbing

ladders/ropes/scaffolds, balancing, stooping, kneeling, crouching and crawling, and occasional overhead reaching with left arm. *Id.* at 19. However, despite these limitations, the ALJ found that Plaintiff's subjective statements are not credible in considering all the evidence. *Id.* at 20. The plaintiff claimed that the medicine was causing him trouble to concentrate and that he was forgetful. *Id.* at 21. However, Plaintiff never saw a doctor for this and conceded that he did not have any mental health issues. *Id.* The ALJ found that no treating physicians have ever recommended that claimant was either unable to work or disabled. *Id.* at 22. In addition to Plaintiff's statements that the conditions did not impair his day, statements by medical examiners and doctors, Plaintiff's MRI showed nearly full range of motion of the spine. *Id.* Therefore, the ALJ's finding is supported by substantial evidence. Testimony from the Plaintiff and doctors and medical evidence support a finding that the ALJ had substantial evidence in determining that Plaintiff was able to perform light work due to his noted improved medical condition.

New Orleans, Louisiana, this 30th day of January, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE