UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILSON DORSEY JR.                                CIVIL ACTION

VERSUS                                           NO. 17-9862

SOCIAL SECURITY ADMINISTRATION                   SECTION: "B"(3)

## ORDER AND REASONS

Before the court is plaintiff Wilson Dorsey, Jr.'s motion for reconsideration of a judgment in favor of defendant Social Security Administration that dismissed plaintiff's claims. See Rec. Docs. 14, 17, 18, 19. Defendant did not file a response. For the reasons discussed below,

**IT IS ORDERED** that the motion is **DENIED.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of plaintiff's underlying case are discussed in greater detail in this Court's Order and Reasons adopting the Magistrate Judge's Report and Recommendation to grant defendant's cross-motion for summary judgment and dismiss plaintiff's claims. See Rec. Docs. 14, 17. The facts are summarized here briefly. On April 13, 2011, plaintiff Wilson Dorsey, Jr. was determined to be disabled by Administrative Law Judge Voisin for the severe impairments of disorders of the back and hypertension beginning on August 10, 2010. Rec. Doc. 8-2 at 15. On September 15, 2016, Administrative Law Judge Henderson decided that plaintiff was no

longer disabled as of June 11, 2014. Rec. Doc. 8-2 at 20. After the Appeals Council denied plaintiff's request to reconsider ALJ Henderson's decision, plaintiff filed the instant civil action. Rec. Doc. 8-2 at 2. Plaintiff and defendant subsequently filed cross motions for summary judgment, and the magistrate judge issued a report and recommendation to deny plaintiff's motion for summary judgment and grant defendant's cross motion for summary judgment. Rec. Doc. 14. On January 30, 2019, we adopted the magistrate judge's report and recommendation, and entered judgment in favor of defendant, dismissing plaintiff's claims. Rec. Docs. 17, 18. Plaintiff seeks reconsideration based on recent administrative findings, an alleged error in law, and requests reversal of the Commissioner's final decision with a remand for a *de novo* administrative hearing. Rec. Doc. 19.

## **LAW AND ANALYSIS**

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Basinkeeper v. Bostick*, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered

2

evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). Because Rule 59(e) has a "narrow purpose," the Fifth Circuit has "observed that [r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). Thus, "a motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (quoting *Templet*, 367 F.3d at 479).

Recent Finding of Disability Since September 16, 2016

Administrative Law Judge Nancy Pizzo's determination that plaintiff was disabled since September 16, 2016 does not impact the judgment upholding ALJ Henderson's previous finding that plaintiff was no longer disabled as of June 11, 2014. In reviewing a disability claim, a district Court is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). If the

3

Court finds substantial evidence to support the decision, then it must uphold the decision.

In the order and reasons at issue, consideration was given to ALJ Henderson's determination that plaintiff's condition had improved as of June 11, 2014 and he was no longer deemed disabled on that date. There was substantial evidence in the record to support that decision for the noted time period. Rec. Doc. 17. Consequently, ALJ Henderson's decision was upheld. Plaintiff asserts that ALJ Pizzo's February 20, 2019 decision that plaintiff has been disabled since September 20, 2016 is the type of previously unavailable evidence that warrants reconsideration of the previous order and reasons. We welcome the invitation to review that decision in relevant context.

ALJ Pizzo's decision found that a state agency denial of plaintiff's claim on December 5, 2017 was consistent with the medical record at the time of that denial. However, following a December 3, 2018 video hearing, ALJ Pizzo eventually found that additional evidence indicates changes in plaintiff's spine condition, rendering the state agency's denial unpersuasive. Based on those findings, plaintiff was found disabled since September 16, 2016, the amended onset date of disability. See Rec. Doc. 19-3, pgs. 5-8.

Contrary to plaintiff's argument, ALJ Pizzo's decision had an expressed application from September 16, 2016 onwards. Absent from

4

the decision is a finding of disability implicating an earlier onset date of June 11, 2014 or a date prior to September 16, 2016. The evidence suggested by plaintiff is temporally irrelevant or, at best, not determinative of findings at issue. It does not alter the existence of substantial evidence in the record to support ALJ Henderson's determination that plaintiff was no longer disabled as of June 11, 2014.

In summary, a finding of disability as of September 16, 2016 does not mean that plaintiff was also disabled as of June 11, 2014, or that ALJ Henderson's determination was not supported by substantial evidence in the record. While tempting to do so in this limited context, we cannot substitute the instant judgment with the most recent ALJ decision that fixed a new disability onset date after the earlier claimed onset date at issue. Further, there is no demonstrated conflict between the ALJ decisions because each dealt with a specific time frame of claimed disability onset, over two years apart, and with materially different factual records.

No Manifest Error of Law

In the previous order and reasons, the ALJ's decision was reviewed under the appropriate analysis applicable to cessation of disability claims. Plaintiff asserts an incorrect application of the five-step analysis commonly used in Social Security claims to determine whether a claimant is disabled, rather than the eight-step analysis to determine whether an individual continues to be

5

disabled. Rec. Doc. 19-2 at 4-5. While the order and reasons and the Magistrate Judge's report and recommendation described the five-steps used to determine whether a claimant is disabled, some of which are also part of the eight-step analysis applicable here, neither the order nor the Magistrate Judge's report applied the five-step sequential analysis to the facts of this case. Rec. Docs. 14, 17. Rather, the order and reasons and the Magistrate Judge's report reviewed whether ALJ Henderson's finding that plaintiff's disability had ended was supported by substantive evidence at the relevant time period. Rec. Doc. 8-2 at 15-25.

Specifically, the arguments, facts and law presented in plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment were considered along with the administrative record. That consideration included whether the ALJ properly found that plaintiff's condition did not meet the required criteria for Listing 1.04A addressing disorders of the spine, whether the ALJ properly found that plaintiff had medically improved, and the impact of the ALJ's misattribution of a nurse practitioner's medical note to a doctor. Rec. Docs. 10, 13. The Court did not, as plaintiff suggests, apply the five-step sequential analysis for ultimately determining whether claimant has a disability to the facts of this case. Rec. Doc. 17 at 5. The matters explicitly considered in the order and report at issue, e.g. whether plaintiff had medically improved, are part of the

6

eight-step analysis plaintiff incorrectly avers were not applied. Rec. Doc. 17 at 6-9. The five-step framework was neither applied nor determinative in the analysis of plaintiff's disability claims.

Additionally, there is no manifest error of law in upholding ALJ Henderson's decision, despite his misattribution of Nurse Practitioner Lawson-Baker's statements to Dr. Ellis. While the Nurse Practitioner was not an acceptable medical source, the ALJ was nevertheless entitled to consider evidence from lay sources that was probative of plaintiff's ability to function at that time pursuant to Fifth Circuit law. Rec. Doc. 17 at 7; Rec. Doc. 14 at 7.

Furthermore, because other substantial evidence in the record supported ALJ Henderson's determination that plaintiff's medical condition had improved, we affirmed the Magistrate Judge's finding that "remanding this administrative decision for correction of a typographic error would be an exercise in futility and would not change the outcome of the ALJ's conclusion and would therefore serve no useful purpose." Rec. Doc. 14 at 8.

There has been no impermissible reweighing of the evidence in the record. We did not substitute our judgment for the Commissioner as plaintiff claims. Rec. Doc. 19-2 at 6. There was no new analysis of the evidence in the record to determine plaintiff's disability.

As the opinions show, only record evidence was considered upon which ALJ Henderson relied in reaching his determination, including record evidence that plaintiff cited in opposition. The ALJ's ultimate conclusion was supported by substantial evidence of record.

Therefore, there was no manifest error of law in upholding ALJ Henderson's decision. Moreover, remanding for further administrative review based on a misattribution error would not serve a useful purpose, especially where other relevant substantial evidence in the existing record supports the agency's decision.

New Orleans, Louisiana, this 10th day of June 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE